DILLINGHAM & MURPHY, LLP
Carla J. Hartley (SBN 117213)
Cynthia C. Cheung (SBN 320767)
155 Sansome Street, Suite 700
San Francisco, California 94104
Telephone:(415) 397-2700
Facsimile:(415) 397-3300
Email: cjh@dillinghammurphy.com
       ccc@dillinghammurphy.com

KREVOLIN & HORST, LLC
Kana Caplan* (GA Bar No. 621805)
   caplan@khlawfirm.com
Taylor Cressler* (GA Bar No. 664099)
   cressler@khlawfirm.com
1201 West Peachtree St NW, Suite 3250
Atlanta, Georgia 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
*pro hac vice application forthcoming

Attorneys for Defendant
NetRoadshow, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| LISA CARRANDI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NETROADSHOW, INC., a corporation organized and existing under the laws of the State of Delaware, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  24-CV-01092-HGS<br><br>**DEFENDANT NETROADSHOW, INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER AND CONSOLIDATE OR IN THE ALTERNATIVE, COMPEL ARBITRATION AND STAY; MEMORANDUM OF POINTS AND AUTHORITIES**<br>**[SPECIAL APPEARANCE]**<br><br>Date:  May 16, 2024<br>Time: 2:00 pm<br>Judge: Honorable Haywood S. Gilliam, Jr.<br><br>Removal:             February 22, 2024<br>Complaint filed: February 21, 2024 |

Page No. 1 – Case No. 24-CV-01092-HGS
DEF. NETROADSHOW, INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER AND CONSOLIDATE OR IN THE ALTERNATIVE, COMPEL ARBITRATION AND STAY; MPA [SPECIAL APPEARANCE]

**NOTICE OF MOTION AND MOTION TO TRANSFER AND CONSOLIDATE OR IN THE ALTERNATIVE, COMPEL ARBITRATION AND STAY**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 16, 2024 2024 at 2:00 p.m. or as soon thereafter as this matter may be heard before the Honorable Haywood S. Gilliam, Jr., United States District Court for the Northern District of California, Oakland Division, in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612, Defendant NetRoadshow, Inc. will and hereby does move this Court for an order pursuant to Federal Rules of Civil Procedure transferring and consolidating this action with *NetRoadshow v. Carrandi*, No. 1:23-cv-05697-ELR in the Northern District of Georgia, or in the alternative, compel arbitration and stay this action pending the outcome of arbitration.

This Motion is based on this Notice and Motion Transfer and Consolidate or in the Alternative, Compel Arbitration and Stay, the accompanying Memorandum of Points and Authorities, all pleadings and papers in this action, and any oral argument at time of hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Lisa Carrandi ("Carrandi") is a defendant in an action pending before the Northern District of Georgia filed by Defendant NetRoadshow, Inc. ("NetRoadshow").[1]  *See NetRoadshow v. Carrandi*, 1:23-cv-05697-ELR, docket report [Dkt. 4-3] at 24.[2]  In that action, she alleges as counterclaims the exact same claims that she attempts to bring here.  *See* Exhibit A, Carrandi Answer and Counterclaim.  Accordingly, this Court must transfer her action to the Northern District of Georgia to avoid duplicative litigation or "claim-splitting."  Under the "first to file" rule, this Court should also transfer the case.

The Employment Agreement contains a forum selection clause, selecting Georgia state or federal court for the appropriate forum for any action "arising under or in connection with" the Employment Agreement.  Accordingly, this Court should also enforce the forum selection clause and transfer the action.

Finally, under the Employment Agreement, [Dkt. 1-1] at 33, any claims by Ms. Carrandi are subject to binding arbitration.  Thus, if this Court is not inclined to transfer the action, NetRoadshow moves to compel arbitration.  This Court must stay the action to allow the parties to arbitrate Ms. Carrandi's claims pursuant to the contract to which she agreed.

Accordingly, NetRoadshow moves to transfer this action to the Northern District of Georgia or compel arbitration.

**I.     BACKGROUND**

Ms. Carrandi is a former employee of NetRoadshow. [Dkt. 1-1] at 3.  She signed an employment agreement governed by Georgia law and subjected herself to personal jurisdiction

---

[1] NetRoadshow has not yet been served and does not waive any defenses by virtue of this special appearance motion.  NetRoadshow expressly preserves its right to respond to the Complaint and assert all available defenses under the Federal Rules of Civil Procedure.

[2] This Court may take judicial notice of the various court filings made in an action pending in the Northern District of Georgia.  *Almaznai v. S-L Distribution Co., LLC*, No. 20-CV-08487-JST, 2021 WL 4457025, at *2 (N.D. Cal. June 21, 2021) ("The Court may take judicial notice of a fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

and venue before Georgia courts.  Employment Agreement [Dkt. 1-1] at 33.  The Employment Agreement contains a one-year non-compete and non-solicitation clause.  *Id.*

On July 31, 2023, Ms. Carrandi terminated her employment with NetRoadshow and began working for Finsight Group, Inc. ("Finsight"), NetRoadshow's main competitor.  [Dkt. 1-1] at 3.  On November 11, 2023, NetRoadshow filed an action in Georgia state court against Ms. Carrandi for violations of her Employment Agreement.  *See NetRoadshow v. Carrandi*, 1:23-cv-05697-ELR, docket report [Dkt. 4-3] at 24.  Ms. Carrandi removed that action to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1332(a) ("Georgia Federal Action").  *Id.*  On January 8, 2024, Ms. Carrandi answered the Complaint and filed Counterclaims.  *See* Exhibit A.  These are the exact claims Carrandi now attempts to litigate before this Court.  *Compare* Exhibit A *with* Compl.

**II.     ANALYSIS**

**A. This Court Must Transfer This Action as it Involves the Same Subject Matter and Exact Same Cause of Action Pending Before Another Federal Court.**

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in [two federal courts] against the same defendant.'" *Almaznai v. S-L Distribution Co., LLC*, No. 20-CV-08487-JST, 2021 WL 4457025, at *5 (N.D. Cal. June 21, 2021) (quoting *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007); *see also Mendoza v. Amalgamated Transit Union Int'l*, 30 F. 4th 879, 886 (9th Cir. 2022) (same).

The instant lawsuit is an exact duplicate of the claims filed by Plaintiff as counterclaims in the Georgia Federal Action.  *Compare* Exhibit A *with* Compl.  In her Counterclaim in the Georgia Federal Action, Ms. Carrandi asserts violations of Cal. Bus. & Prof. Code §§ 16600 and 16600.5.  Ex. A ¶ 8-12.  In her Complaint in this action, Ms. Carrandi asserts the same cause of action.  *See* Compl.

Ms. Carrandi's claims arise from the same nucleus of operative facts—Ms. Carrandi's employment contract with NetRoadshow.  In the same agreement, she consents to "exclusive jurisdiction" in either Fulton County, Georgia courts, or the Northern District of Georgia.

Employment Agreement ¶ 11. Ms. Carrandi's Counterclaim pending in the Georgia Federal Action is a compulsory counterclaim. Fed. R. Civ. P. 13(a). She cannot bring the *same* claim in a separate action.

Under these circumstances, the Court should either dismiss this Action as a duplicative later-filed action, stay it pending resolution of the Georgia Federal Action, or consolidate both actions. *Almaznai v. S-L Distribution Co., LLC*, No. 20-CV-08487-JST, 2021 WL 4457025, at *5 (N.D. Cal. June 21, 2021).

In determining whether "claim-splitting" has occurred, courts "borrow from the test for claim preclusion." *Mendoza*, 30 F. 4th at 886 (internal quotation marks and citation omitted). Claim preclusion bars a second action where "(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002). The third factor is not considered as part of the claim-splitting analysis, as the claim-splitting doctrine does not require a final decision in the first action. *Rivera v. Am. Fed'n of State, Cnty., & Mun. Employees, AFL-CIO, Loc. 444*, No. 3:16-CV-04959-WHO, 2017 WL 3021038, at *3 (N.D. Cal. July 17, 2017).

As to the first factor, Ms. Carrandi and NetRoadshow are the parties in the Federal Georgia Action. They are the parties to the instant suit as well. As to the second factor, the two suits arise out of the same transactional nucleus of operative fact. "That standard is satisfied where, as here, the claims in both actions are premised on conduct arising from an alleged employee-employer relationship."[3] *Almaznai v. S-L Distribution Co., LLC*, No. 20-CV-08487-JST, 2021 WL 4457025, at *6 (N.D. Cal. June 21, 2021). This Court should not permit Carrandi "a second bite at this apple" and should transfer her claims to be decided by the court in the Georgia Federal Action. *Finjan, Inc. v. Blue Coat Sys., LLC*, 230 F. Supp. 3d 1097, 1103 (N.D. Cal. 2017).

---

[3] To the extent that this Court finds that Ms. Carrandi's claims do not arise from the same transactional nucleus of operative fact, her claims must be arbitrated as discussed below because they undoubtedly arise from "[a]ny dispute, controversy, or claim arising out of or in connection with, or relating to, this Agreement." Employment Agreement at 23.

Even if the Court were to somehow find the claim splitting doctrine inapplicable, the "first to file rule" also applies under the instant facts and counsels that the Court should decline jurisdiction and transfer the action. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). "There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Id.*

Courts analyze three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *Schwartz v. Frito-Lay N. Am.,* No. C–12–02740 EDL, 2012 WL 8147135, at *2 (N.D.Cal. Sept. 12, 2012). Here, (1) the Federal Georgia Action was filed first, (2) the parties are identical, and (3) the issues are identical. As the factors are satisfied, this Court should decline jurisdiction. The first to file rule should not be disregarded lightly. *See Microchip Tech., Inc. v. United Module Corp.,* No. CV–10–04241–LHK, 2011 WL 2669627, at *3 (N.D.Cal. July 7, 2011).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2006). Here, NetRoadshow requests transfer and consolidation as the proper remedy.

**B.  This Court Must Enforce the Forum Selection Clause in the Employment Agreement.**

In the Employment Agreement, Ms. Carrandi agreed to "exclusive jurisdiction" in either Fulton County, Georgia courts, or the Northern District of Georgia. Employment Agreement ¶ 11. "Federal law governs the validity of a forum selection clause." *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1353 (9th Cir. 1990). Courts begin with the presumption that the forum selection clause is prima facie valid. *Reddy v. Mediscribes, Inc.*, No. EDCV191677JGBSPX, 2020 WL 2220202, at *6 (C.D. Cal. Feb. 18, 2020). Forum selection clauses found in employment agreements governed by other states' laws are properly transferred

to the preselected forum. *Id.* ("As discussed above, at least some of this dispute will center around the terms of the Employment Agreement; because Kentucky law would apply to the Agreement's interpretation, this factor weighs in favor of transfer to Kentucky.").

### C. In the Event this Court Does Not Transfer, NetRoadshow Moves to Compel Arbitration and the Court Should Stay This Action.

Finally, under the Employment contract, any claims by Ms. Carrandi are subject to binding arbitration under the rules of the AAA. *See* Employment Agreement ¶ 12. Thus, if this Court is not inclined to transfer the action, it must grant NetRoadshow's Motion to Compel Arbitration and stay the action to allow the parties to arbitrate Ms. Carrandi's claims pursuant to the contract to which she agreed. *Kressy v. Larry Flynt's Hustler Club San Francisco*, No. C-07-04892 EDL, 2008 WL 162533, at *2 (N.D. Cal. Jan. 11, 2008) ("[T]he FAA provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, a stay is proper"); O.C.G.A. § 9-9-6(a).

Because the arbitration provision at issue incorporates the AAA commercial arbitration rules, any issues regarding arbitrability of the dispute must be decided by the arbitrator, and not the Court. *Greenberg v. Amazon.com, Inc.*, No. 20-CV-02782-JSW, 2021 WL 7448530, at *8 (N.D. Cal. May 7, 2021) ("[T]he Court concludes that the parties' incorporation of the AAA rules into the arbitration agreement evidences a clear and unmistakable intent to arbitrate arbitrability."). Accordingly, if this Court finds that transfer is not appropriate, it should stay the instant action and compel arbitration.

DATED: March 4, 2024

DILLINGHAM & MURPHY, LLP

/s/
———————————————————
CARLA J. HARTLEY
CYNTHIA C. CHEUNG
Attorney for Defendant
NETROADSHOW, INC.

| | | |
|---|---|---|
| 1 | DATED: March 4, 2024 | KREVOLIN & HORST, LLC |

/s/
KANA CAPLAN
TAYLOR CRESSLER
Attorney for Defendant
NETROADSHOW, INC.
*(pro hac vice* application forthcoming)

**Filer's Attestation**: Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, Carla J. Hartley hereby attests that all signatories concur in the filing's content and have authorized the filing.