UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA CARRANDI,<br><br>        Plaintiff,<br><br>v.<br><br>NETROADSHOW, INC.,<br><br>        Defendant. | Case No. 24-cv-01092-HSG<br><br>**ORDER GRANTING SPECIALLY APPEARING DEFENDANT NETROADSHOW INC.'S MOTION TO TRANSFER**<br><br>Re: Dkt. No. 14 |

      Pending before the Court is specially appearing defendant NetRoadshow Inc.'s motion to transfer. Dkt. No. 14. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion.

**I.    BACKGROUND**

      On February 20, 2024, Plaintiff Lisa Carrandi ("Plaintiff" or "Carrandi") filed suit against her longtime former employer, NetRoadshow, Inc. ("Defendant" or "NetRoadshow") in Marin County Superior Court in California regarding its enforcement of post-employment restrictive covenants. *See* Dkt. No. 1-1, Ex. A ("Compl."). She alleged that these covenants – which Defendant actively sought to enforce against her – were void, unenforceable, and unlawful constraints on her employment prospects in violation of California Business & Professions Code sections 16600.5 and 17200. *See* Compl. ¶¶ 44–62. The day after she filed her complaint, NetRoadshow removed the case to this Court on diversity jurisdiction grounds, Dkt. No. 1, and shortly thereafter filed a motion to transfer it to the Northern District of Georgia. Dkt. No. 14 ("Mot."). Defendant's motion is now fully briefed. *See* Dkt. Nos. 15 ("Opp.") and 30 ("Reply").

      As it turns out, the parties are no strangers to federal court in Georgia, as they have been

1  litigating there for more than six months.  In November 2023, NetRoadshow filed a complaint and
2  motion for a temporary restraining order and preliminary injunction against Carrandi for breach of
3  contract in the Superior Court of Fulton County, Georgia, which Carrandi subsequently removed
4  to the Northern District of Georgia.  *See NetRoadshow v. Carrandi*, 1:23-cv-05697-ELR.  On
5  January 8, 2024, Carrandi answered NetRoadshow's complaint, and also asserted a counterclaim
6  arguing that the restrictive covenants at issue were void and unenforceable under California
7  Business & Professions Code section 16600.5.  *See* Case No. 1:23-cv-05697-ELR, Dkt. No. 16 at
8  17.  She characterized her counterclaim as "compulsory" because it arose "out of the same nucleus
9  of operative fact as NetRoadshow's underlying claim against Carrandi" and formed "part of the
10  same case or controversy as the underlying action."  *Id*. at 15.  However, about a month later,
11  Carrandi filed a motion to dismiss her own counterclaim, arguing that it was in fact permissive
12  rather than compulsory.  *See* Case No. 1:23-cv-05697-ELR, Dkt. No. 35.  Two days later, she
13  commenced legal proceedings against NetRoadshow in Marin County Superior Court.
14  NetRoadshow opposed the motion to dismiss her counterclaim in the Georgia action, *id*., Dkt. No.
15  45, which remains pending before the Honorable Eleanor Ross of Georgia's Northern District.

16  **II.  DISCUSSION**

17  In its motion, NetRoadshow argues that transfer to the Northern District of Georgia is
18  proper under the claim-splitting doctrine and the "first to file" rule.[1]  The Court agrees.

19  Plaintiffs "generally have 'no right to maintain two separate actions involving the same
20  subject matter at the same time in the same court and against the same defendant.'"  *Adams v. Cal.*
21  *Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds* (quoting
22  *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).  "The rule preventing claim
23  splitting is designed to 'protect the defendant from being harassed by repetitive actions based on
24  the same claim.'"  *Adobe Sys. Inc. v. Wowza Media Sys., LLC*, 72 F. Supp. 3d 989, 993–94 (N.D.
25  Cal. 2014) (quoting *Clements v. Airport Authority of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir.
26  1995).  To determine when such improper claim-splitting is present, courts "borrow from the test

---

[1] Since Defendant does not move for transfer under 28 U.S.C. section 1404(a), the Court does not analyze the propriety of transfer under that provision.

United States District Court
Northern District of California

1  for claim preclusion." *Adams*, 487 F.3d at 688. "[T]he bar of claim-splitting is applicable if the
2  second suit involves (1) the same causes of action as the first; and (2) the same parties or their
3  privies." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022), *cert.*
4  *denied*, 143 S. Ct. 425 (2022).

5        Here, the second requirement is indisputably met, since the "same parties" – Carrandi and
6  NetRoadshow – are involved in both the Georgia suit and this California suit. And while the
7  postures of the suits differ, Carrandi asserts claims against NetRoadshow in both actions: here as
8  Plaintiff, and there as counter-plaintiff. And as for the first requirement, the Court finds that it too
9  is satisfied. To determine whether both actions involve the same claim or cause of action, courts
10 employ "the transaction test[] developed in the context of claim preclusion." *Adams*, 487 F.3d at
11 689. "Whether two events are part of the same transaction or series depends on whether they are
12 related to the same set of facts and whether they could conveniently be tried together." *Western*
13 *Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). In applying the transaction test, courts
14 examine four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

19 *Adams*, 487 F.3d at 689 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th
20 Cir. 1982)). "The last of these criteria is the most important." *Costantini*, 681 F.2d at 1202.

21       The Court finds that all of these factors support a finding that Carrandi's claims against
22 NetRoadshow in the California and Georgia actions are transactionally related. Both claims "arise
23 out of Carrandi's employment with Defendant and specifically her 'Employee Agreement' with
24 Defendant," Opp. at 6, and seek the invalidation of the allegedly void and unenforceable
25 restrictive covenants it contains. Both claims involve infringement of the same right (i.e.
26 Carrandi's ability to pursue work opportunities without allegedly unlawful constraint), and require
27 substantially the same evidence to prosecute. And, "assuming that the first [Georgia Action] were
28 already final," Carrandi would surely face claim preclusion consequences in this suit. *Adams*, 487

3

F.3d at 688–89. The fact that in her California action she brings an additional cause of action under the Unfair Competition Law (Bus. & Prof. Code § 17200) and also seeks declaratory relief does not change the fact that the California and Georgia claims "arise out of the same transactional nucleus of facts" and certainly can "conveniently be tried together." Nor does it matter that Carrandi has merely *moved* to dismiss her counterclaim in the Georgia action, as it is presently asserted against NetRoadshow in the absence of a court order granting her motion. In short, as things stand today, Carrandi is pursuing substantially the same claims in two federal fora. Since she cannot maintain these two actions in parallel under the claim-splitting doctrine, the Court will transfer this case as Defendant requests.

Moreover, Defendant is correct that the "first to file" rule is a separate basis supporting transfer to Georgia's Northern District. This rule embodies a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). While the rule is not "mechanically applied," it also "should not be disregarded lightly." *Id.* (internal quotations and citations omitted). The Court sees no to reason to disregard it here, where "1) the chronology of the actions; 2) the similarity of the parties; and 3) the similarity of the issues at stake" all support transfer to Georgia – the place where these same parties first started litigating the lawfulness of the restrictive covenants in Carrandi's Employment Agreement. *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740 EDL, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012). Plus, the minor variation between Carrandi's claims in the Georgia and California actions is of no moment for this analysis, either: "The issues need not be precisely identical for the first-to-file rule to apply; the rule can apply even if the later-filed action brings additional claims." *Id.* at *3.

Accordingly, and in its discretion, the Court will transfer this case to the Northern District of Georgia, where Carrandi first asserted the theories at issue here against NetRoadshow.

//

//

//

4

**III.    CONCLUSION**

The Court **GRANTS** specially appearing defendant NetRoadshow's motion to transfer, Dkt. No. 14.  The Clerk is **DIRECTED** to transfer this action to the United States District Court for the Northern District of Georgia and to close the case.

**IT IS SO ORDERED.**

Dated:   5/17/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge